## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ISSA FEGHALI** | ) | |
| 6625 Sahalee Dr | ) | |
| Fort Worth, TX 76132, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| **LORETTA E. LYNCH** | ) | |
| U.S. Attorney General | ) | |
| U.S. Department of Justice | ) | |
| 950 Pennsylvania Avenue, NW | ) | |
| Washington, DC 20530-0001, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR WRIT OF MANDAMUS

1.      This is a civil action brought pursuant to 28 U.S.C. § 1331 and § 1361 to compel Defendant and those acting under her to complete the adjudication of Plaintiff's pending appeal to the Department of Justice Access Review Committee (ARC) of the April 2012 revocation of his security clearance by the Federal Bureau of Investigation (FBI).

### JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and §1361 [to compel an officer or employee of the United States or agency thereof to perform a duty owed to the plaintiffs] and 5 U.S.C. § 704 [no other adequate remedy] and § 706 [to compel agency action unlawfully withheld or unreasonably delayed].

3.      Venue is appropriate in this judicial district under 28 U.S.C. §1391(b) & (e) because the federal department and agency making the relevant decisions that injured Plaintiff are headquartered in and operate in this district, and they made those decisions in this district.

## PARTIES

4.      Plaintiff, Issa Feghali, is a citizen United States and resides in the State of Texas. He has been employed by the FBI as a Language Specialist since July 2007, as an employee and before that as a contractor since March 1997.  However, due to the pending resolution of his appeal of the revocation of his security clearance, Mr. Feghali has been suspended from duty by the FBI without pay since April 2012.

5.      Defendant Loretta E. Lynch is the Attorney General of the United States and, as such, is the head of the Department of Justice and it subordinate components. The Department of Justice Access Review Committee (ARC) is a subordinate entity of the Department of Justice. As such, Ms. Lynch is responsible for the actions, omissions and practices of the Department of Justice Access Review Committee (ARC), which is the final appeals authority for FBI employees regarding decisions involving their security clearances. In addition, the Attorney General is also the head of the FBI and is responsible for the personnel actions, omissions and practices of the FBI.  Ms. Lynch is here sued only in her official capacity as head of the Department of Justice Access Review Committee (ARC) and the FBI.

2

## STATEMENT OF CLAIM

6.      By letter dated April 24, 2012, the FBI Assistant Director in charge of the FBI Security Division revoked Mr. Feghali's security clearance. The reason given for the revocation was Security Division's conclusion that Mr. Feghali had used countermeasures during a polygraph examination and had shown lack of candor about the matter during the examination.

7.      As provided by FBI policy, Mr. Feghali requested reconsideration of this decision and on March 27, 2013, the FBI affirmed this decision on reconsideration. Mr. Feghali thereupon appealed the reconsideration decision to the ARC. *See* Executive Order No.12968, § 5.2 (1995).

8.      The reason proffered for the denial of Mr. Feghali's security clearance was that he had engaged in conduct involving questionable judgment, lack of candor, dishonesty, or unwillingness to comply with rules and regulations. These allegations arose after Mr. Feghali was administered a polygraph examination on August 9, 2011.

9.      During the course of examination, the polygraph operator concluded that Mr. Feghali showed "specific and frequent clusters of atypical physiology" during three series of questions and therefore the polygraph operators could not render an opinion on the truthfulness of his responses.

10.     During a post-examination interview, Mr. Feghali denied having done any research of any kind for the examination or having tried to manipulate its results.

However, during that interview and in a subsequent interview on January 18, 2012, he stated that he had read information about polygraphs. He further stated that he had used "mental imagery" to enhance his physiological responses during the polygraph examination.

11.    There is no evidence or allegation that Mr. Feghali is not loyal to the United States or that he has ever compromised classified information. As such, Mr. Feghali acted with the sole intent of passing the examination and avoiding any problems in doing so. The FBI based its revocation of his security clearance on concerns raised by Mr. Feghali's statements indicating he had sought to pass the polygraph examination without any problems. To respond to any concerns, Mr. Feghali requested a follow-up polygraph examination to resolve any questions about his honesty. This examination was initially scheduled but the FBI did not follow-through with this examination.

12.    The Department of Justice Access Review Committee (ARC) is charged under the Adjudicative Guidelines with examining a sufficient period of a person's life to make an affirmative determination whether the person is eligible for a security clearance. In this process, the ARC must carefully weigh a number of variables known as the "whole person concept."  32 C.F.R. part 147, "Adjudicative Guidelines for Determining Eligibility for Access to Classified Information" § 2.

13.    The Adjudicative Guidelines provide that every case must be judged on its own merits, but that "any doubt concerning personnel being considered for access to

4

classified information will be resolved in favor of national security." Further, "the ultimate determination of whether the granting or continuing of eligibility for a security clearance is clearly consistent with the interests of national security must be an overall common sense judgment based upon careful consideration of the [individual guidelines] ... in the context of the whole person." The individual seeking the security clearance bears the burden of proving that such clearance is fully consistent with the interests of national security.

14.     In his reconsideration request and his hearing before the ARC, Mr. Feghali testified that he formed negative thoughts during the August 2011 examination to emphasize his truthful responses to questions regarding terrorism and espionage. He stated that he had done so based on his concerns that his answers about loyalty to the United States would not register strongly enough during the examination. In addition, he explained that his statements about conducting research on polygraphs or using countermeasures were truthful because the minimal amount of reading he had done did not amount to "research" in his mind. He also testified that he had not viewed calling to mind negative thoughts about terrorism or espionage to enhance the strength of his truthful responses as "countermeasures." Mr. Feghali stated that his actions in this matter had been misguided and attested that he had not been intended to conceal anything or deceive anyone, and he asserted that he had been fully forthcoming with the FBI about what he had done and why he had done it. He further stated that the matter could have

been resolved if the FBI had followed up with an additional polygraph examination that had originally been scheduled, and he renewed a request for such an examination at the ARC hearing.

15.     Applying the "whole person" concept and  all of the circumstances in a decision dated July 17, 2014, the ARC concluded that it could not at that time sustain the FBI's revocation determination. The ARC noted observed that there was extensive evidence of Mr. Feghali's significant contributions to the FBI and expressed reluctance to take action that would deprive the Department of Mr. Feghali's  services, given a the lack of independent grounds in the record (beyond the polygraph issue) for questioning Mr. Feghali's  background or conduct. It also considered Mr. Feghali's consistent admissions of bad judgment during the incident, his expressions of regret. Regarding Mr. Feghali's stated intention to resolve the matter by cooperating with a followup polygraph examination and the FBI's objections thereto, the ARC directed the FBI to demonstrate a specific harm, danger that would result from doing a follow-up polygraph investigation.

16.     By a Memorandum dated August 11, 2014, without demonstrating any specific harm, the FBI expressed its objections to providing a follow up polygraph to Mr. Feghali and has refused to polygraph Mr. Feghali for a second time. Notwithstanding the ARC's finding that it could not sustain the FBI's revocation determination, the FBI has not returned Mr. Feghali to work and he remains in a non-pay status.

17.    By a letter dated, September 2, 2014, Mr. Feghali, through counsel, responded to the FBI's objections to allowing Mr. Feghali a second polygraph.

18.    By letter dated, June 22, 2015, Mr. Feghali, through counsel, urged the ARC to follow through on its July 17, 2014, decision pointing out that his clearance had been revoked in April 2012 and that more than three years had gone by. Counsel again urged that Mr. Feghali's case be resolved by ordering the FBI to administer a follow-up polygraph examination of Dr. Feghali without further delay.

19.    Neither Mr. Feghali nor his counsel has received a response to the June 22, 2015, letter from his counsel to the ARC. Since its July 17, 2014, decision, Mr. Feghali has received no further information from the ARC. The FBI continues to keep Mr. Feghali in a non-pay status.

20.    The district courts have original jurisdiction of any action in the nature of mandamus  to compel an officer or employee  of the United States or any agency thereof to perform a duty owed to the Plaintiff. 28 U.S.C. §1361. Mandamus relief will be granted if the Plaintiff can demonstrate  that the three enumerated conditions  are present: (1) a clear right to the relief sought; (2) that the Defendant has a duty to do the act in question; and (3) no other adequate remedy is available. *See, e.g., Kim v. USCIS*, 551 F. Supp. 2d 1258, 1261 (D. Colo. 2008); *Sawan v. Chertoff*, 589 F. Supp. 2d 817, 824 (S.D. Tex. 2008).

21.     Based upon  Executive Order No.12968, §§ 3, 5 and 17, 50 U.S.C. §

435(a)(5), 28 C.F.R. part 17, and the holding in *Doe v. Dep't of Justice*, 118 M.S.P.R. 434

¶29 (2012), it is plain that the ARC and the FBI have a duty to adjudicate Plaintiff's

appeal and Plaintiff has the right to have his case adjudicated. *See also Ranger v. Tenet*,

274 F. Supp. 2d 1, 9-10 (D.D.C. 2003) (holding contractor to CIA had due process right

to a meaningful opportunity to contest allegations in revocation of a security clearance).

Further delay in the adjudication of the Plaintiff's application is unnecessary and

unreasonable as Plaintiff has met every requirement.

22. Without any valid cause,  Defendant has unreasonably delayed and refused to

complete the adjudications of Plaintiff's duly-filed appeal.  As an employee of the FBI,

Plaintiff has no other or further administrative remedy to compel the Defendants to do

their job and prevent the needless delay in a non-pay status and inaction that Plaintiff is

now suffering.

WHEREFORE, Plaintiffs pray that this Court enter an ORDER:

1.     Based on the ARC's conclusion that it could not sustain the revocation of

Mr. Feghali's clearance, directing the FBI to reinstate Mr. Feghali into a pay status

effective July 17, 2014;

2.     Directing Defendant and those acting under her to perform their duty to

complete the adjudication of Mr. Feghali's security clearance;

3.      Declaring that there are no just grounds for the lengthy delays in completing the adjudication of said appeal;

4.      Grant Plaintiff attorney's fees and costs under the Equal Access to Justice Act to be paid by the Defendants; and

5.      Grant such other and further relief as this Court deems just and proper.

DATE: _10/20/2015_

Richard L. Swick
DC Bar No. 936930
Richard W. Stevens
DC Bar No. 443320
Swick & Shapiro, P.C.
1101 15th Street, N.W.
Suite 205
Washington, DC 20005
(202) 842-0300 (phone)
(202) 842-1418 (fax)

Attorneys for Plaintiff